Sarah **KOBROSKY** by Milton L. Kobrosky, Conservator as amended and Milton K. Kobrosky, administrator of the Estate of Samuel Kobrosky

v.

Anne B. **CRYSTAL** et al.

Civ. A. 56–914.

United States District Court
D. Massachusetts.

Jan. 8, 1957.

Harris, Ryan, Gibbons & Winniman, Springfield, Mass., for plaintiff.

Gerson Askinas, Springfield, Mass., for defendant.

FORD, District Judge.

This action originated as a petition in equity in the Probate Court for Hampden County, Massachusetts, service on defendant being made on June 4, 1952. The case was tried, was heard on appeal by the Supreme Judicial Court of Massachusetts, and is now before the Probate Court on remand. Kobrosky v. Crystal, 332 Mass. 452, 125 N.E.2d 385. On October 16, 1956, defendant Anne B. Crystal filed her petition for removal of the case to this court. Plaintiff moves to remand the case to the state court.

In the original state court proceeding the petitioner, Sarah Kobrosky (for whom her administrator was later substituted) alleged that she was a resident of Springfield, Massachusetts. Several respondents were named, including Anne B. Crystal, who, it was alleged "is a resident of Montreal, Quebec, Canada, and also claims a resident [sic] in said Springfield," one Miller, alleged to be a resident of Massachusetts, and several Massachusetts banks named as custodians of funds and property involved.

A petition for removal of an action to a federal court must be filed within twenty days of receipt by defendant of a copy either of the initial pleading setting forth the claim for relief, or of an amended pleading from which it may first be ascertained that the case is a removable one. 28 U.S.C.A. § 1446.

Assuming that at the date of the original petition there was the requisite diversity between Sarah Kobrosky and Anne B. Crystal, that the requisite jurisdictional amount was involved, and that the controversy was a separate and independent one, it is now too late for removal of the case on the basis of the initial pleading.

There are two subsequent pleadings in the state court on which defendant relies. In June of 1955 the original petition was amended to add a second petitioner, the administrator of Samuel Kobrosky. Nothing has been shown here as to the citizenship of Kobrosky. The only effect on removability the addition of a new party could have would be to create diversity where none existed before. If such was the result, it is now too late to remove the case on that basis.

The second pleading in the state court is an amendment to the original petition of which defendant says she was given notice on October 3, 1956. It changes the original allegations by stating that Samuel Kobrosky was owner of some of the property which the original petition said was owned by Sarah Kobrosky. It does not affect the question of diversity of citizenship by adding any new party, since Samuel Kobrosky had already been added as a party in June of 1955. Defendant in her removal petition cites 28 U.S.C.A. § 1331 as a basis for the jurisdiction of this court. However, nothing in the original or amended equity petition affords any basis for saying that the case arises under the Constitution, laws or treaties of the United States.

The motion to remand is allowed.